## Thomas v. Thomas

*Donald W. Dorr,* for plaintiff.

*Chester Gitt Schultz,* court-appointed attorney to represent defendant as a member of the armed forces.

MacPHAIL, P. J., October 3, 1973.—In this action of divorce, the procedural problems were many and

difficult. The testimony is to the effect that defendant is a deserter from the United States Army and spent most of his married years in Canada. His wife lived there with him from time to time.

To the credit of the master and plaintiff's counsel, the procedural problems, with the exception of one, were satisfactorily resolved. Any lingering doubts we may have had concerning defendant's knowledge of the existence of the action against him were dispelled by the testimony of the attorney appointed by the court to represent defendant by reason of his being a member of the armed forces of the United States. The attorney testified that a person purporting to be defendant called him from Canada and stated that he had received the various papers and notices concerning the divorce action and that he did not wish to contest the action. Nevertheless, defendant has not entered an appearance in the case.

Unfortunately, a fatal procedural error occurred at the beginning of the proceedings. The action was commenced by the filing of a complaint on November 3, 1972. Service was made upon defendant in Canada by registered mail under the provisions of Pennsylvania Rule of Civil Procedure 1124(b), as then written.*

Defendant, according to the date on the return receipt, did not receive the complaint until December 13, 1972, which is more than 30 days after the complaint was filed. Counsel for plaintiff was aware of this problem and at the master's hearing moved orally to have the complaint reissued and reinstated, nunc pro tunc. The master neither granted nor refused the

---

* It was represented by plaintiff's counsel that Canada does not have a diplomatic or consular representative with an office in the Commonwealth. Therefore, service could not be had under the provisions of Pa. R.C.P. 1124(c).

motion. In our opinion, he would have no authority to act upon it.

It has been held that a complaint which is more than 30 days old when it is served is "dead" as a process and that this rule applies to divorce actions: Mrozewski v. Mrozewski, 28 Beaver 54 (1967), and Mannetti v. Mannetti, 47 D. & C. 2d 544 (1969). Although there has been some reference to the possibility that in a proper case the court could apply the provisions of Pa. R.C.P. 126 to cure such a defect (see Shope v. Ninneman, 18 Cumberland 31 (1968)), this has not been done in any reported case (see Swanger v. Swanger, 19 Cumberland 69 (1969)).

For whatever reason Rule 1009 was promulgated or for whatever purpose it may serve, we are bound by it.

It is possible for plaintiff to cure the defect, however. While the process may be dead, the action is not. Plaintiff may present a petition to the court to have the complaint reissued, nunc pro tunc, or she may proceed under the provisions of Pa. R.C.P. 1010. Until the complaint is reissued or reinstated, however, we cannot enter a decree.

## ORDER OF COURT

And now, October 3, 1973, it is ordered that all pleadings and the notes of testimony, together with the master's recommendation, be filed with the prothonotary. Plaintiff is granted leave to reissue or reinstate her complaint within 20 days from the date of this order or to present a petition to have the complaint reissued, nunc pro tunc. If no action is taken by plaintiff within the allotted time, a decree will be entered dismissing the complaint at plaintiff's cost.